UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY T. BELL,<br><br>    Plaintiff,<br><br>      v.<br><br>ALBERTO GONZALES, Attorney General, U.S. Department of Justice, <u>et al.</u>,<br><br>    Defendants. | Civil Action No. 03-163 (JDB) |

## MEMORANDUM OPINION & ORDER

In this case involving claims of disability discrimination, hostile work environment and retaliation, the parties and counsel have frequently had difficulty working cooperatively and effectively. The latest example is the present dispute regarding defendants' Bill of Costs seeking $8248.07, filed following plaintiff's unsuccessful efforts on the merits in this case. The Court has reviewed the Bill of Costs and the parties' lengthy memoranda, and, as has so often been the case in the past, finds that the proper resolution of this matter lies between defendants' aggressive claim and plaintiff's combative opposition.

Defendants have sought four items of costs incurred in this case, totalling $8248.07 -- (1) fees for service of summons and subpoena ($598.10); (2) fees of the court reporter for a partial trial transcript "necessarily" obtained for use in the case ($2145.00); (3) fees for printing a copy of one day of plaintiff's deposition ($370.50); and (4) the costs of four depositions in the case ($5134.47). Plaintiff has opposed all four categories of costs, ultimately contending that defendants are properly entitled to taxable costs of only $194.75.

In response, defendants have now conceded, or at least agreed, that they should not recover <u>most</u> of the fees for services of the two subpoenas and should not recover <u>any</u> of the requested fees for the partial trial transcript or printing a copy of one day of plaintiff's deposition. Hence, in the first three items of the Bill of Costs defendants now seek only the basic $190.00 in subpoena service costs, rather than the claimed amount of $3113.60. Plaintiff concedes that $70.00 for service of the subpoena on Dr. Calkins (plaintiff's treating physician) is a properly taxable cost. Likewise, plaintiff concedes that $124.75 for the Wallery deposition is also recoverable (although the Court will deduct the cost of postage and handling, for the reasons explained below). In addition, the Court concludes that the allowable cost of $120.00 for routine service of a subpoena on Dr. Rostain (plaintiff's expert) is a taxable cost that defendants are entitled to recover. <u>See</u> 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); L. Civ. R. 54.1(d). The total of those amounts is $314.75, and the remaining question is what portion of the requested costs for three other depositions (Calkins, Rostain, and Bell) totalling $5009.72 defendants are entitled to recover.

Defendants are, the Court concludes, entitled to recover a significant portion, but by no means all, of that amount.[1] The costs of the depositions of Drs. Calkins and Rostain are taxable because those transcripts were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2) -- that is, taking the depositions appeared reasonable at the time, for use at trial or in dispositive

---

[1] Pursuant to 28 U.S.C. § 1920(2), taxable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Consistent with that provision, Local Civil Rule 54.1(d)(6) provides that taxable costs include "the costs, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial."

motions.[2]  See, e.g., Oeticker v. Jurid Werke, GmbH, 104 F.R.D. 389, 395 (D.D.C. 1982); Advance Business Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 166 (D. Md. 1968), aff'd and remanded on other grounds, 415 F.2d 551 (4th Cir. 1969); Nationwide Auto Appraiser Serv., Inc. v. Association of Cas. & Sur. Cos., 41 F.R.D. 76, 77 (W.D. Okla. 1966).

As to the deposition of plaintiff Jeffrey Bell, defendants are, on the same basis, entitled to recover the reasonable costs of the deposition.  Two items are not recoverable on the record before the Court, however.  First, defendants have not demonstrated that the videotape deposition was necessary or reasonable under the circumstances, or that any use was made of the videotape at trial or in motions.  See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) (recognizing that taxation of video depositions is permissible, but that "unless [a party] demonstrates that both costs [transcription and videotaping] were 'necessarily obtained for use in the case,' 28 U.S.C. § 1920(2), only its transcription costs are recoverable").  They will, therefore, be limited to the cost of the Bell deposition transcripts, and the additional $1000.00 for videotaping will be disallowed.  Second, defendants have also failed to demonstrate any need for expedited receipt of the transcript of the first part of the Bell deposition, especially given that the deposition was not completed until more than five months later.  A deduction of $297.44, by the Court's calculation, reflects the amount charged beyond the court reporter's standard rate ($3.57/page) and will thus not be taxed against plaintiff.

---

[2] Defendants claim transcript costs of $1015.15 for the "original and two copies" of Dr. Rostain's deposition, but plaintiffs are required to pay for only one copy.  The cost of one copy is not apparent from the record, so the Court will make a reasonable estimation in determining a proper deduction.  Court reporters employed by the court charge $0.83 per page for copies; thus, one copy of a 257 page deposition would cost $213.31.  The amount taxable for the transcript of Dr. Rostain's deposition is thus $801.84 -- $1015.15 less $213.31.

The parties do not fully address whether court reporter fees for features requested for the convenience of counsel -- CondenseIt, indices, and diskettes -- are recoverable. There is a broad consensus that they are not. See, e.g., Harkins v. Riverboat Servs. Inc., 286 F. Supp. 2d 976, 980-81 (N.D. Ill. 2003); Auto-Wax Co., Inc. v. Mark V Prods., Inc., 2002 WL 265091, at *5-*6 (N.D. Tex. 2002); Scallet v. Rosenblum, 176 F.R.D. 522, 526 (W.D. Va. 1997). Additionally, costs associated with delivery, shipping, and handling are not recoverable because they are considered part of the cost of operating a business or government agency. See, e.g., El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390 (D.D.C. 1995); Harkins, 286 F. Supp. 2d at 981; Auto-Wax Co., 2002 WL 265091, at *5; Scallet, 176 F.R.D. at 527.

The taxable costs for the depositions, with deductions for nonrecoverable features and postage and handling, are as follows:

> Larry Wallery: $109.75
> Dr. Rostain: $801.84
> Dr. Calkins: $399.84
> Jeffrey Bell: $1417.29 [3]

The result, then, is that defendants shall recover $2918.72 ($190 for subpoena fees and $2728.72 for depositions) -- barely one third of the $8248.07 originally sought. The Court admonishes defendants and their counsel to be more cautious and attentive in seeking costs in discrimination cases. This entire case has been marked by difficult relationships between counsel and, perhaps, the parties. Filing a Bill of Costs should not be a punitive effort by a federal government agency or the U.S. Attorney's Office against an unsuccessful discrimination

---

[3] This is the sum of $742.56 for the Bell 12/17/03 deposition at the court reporter's standard rate (in lieu of the expedited rate) and $674.73 for the 5/10/04 Bell deposition.

plaintiff particularly where as here, there is no evidence of bad faith or vexatious litigation. Otherwise, the goals of federal anti-discrimination statutes would be undermined. To be sure, a prevailing party is generally entitled to recover taxable costs. See <u>Baez v. United States Dep't of Justice</u>, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc) (per curiam). But the federal government has not routinely sought costs in discrimination cases (presumably exercising a measure of discretion), and one would not expect the government to request costs that are not well supported factually or legally. Here, the Court fears that, as has too often occurred in this case, emotions and ill feelings may have entered into the assessment in seeking what was plainly an inflated Bill of Costs.

    SO ORDERED.

                                                /s/
                                  JOHN D. BATES
                           United States District Judge

Dated:   September 27, 2006